# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MELVIN EUGENE GIBBS,
        Appellant,

v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-1221-14-0841-W-1

DATE: February 27, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Melvin Eugene Gibbs, Florence, South Carolina, pro se.

Richard D. Saviet, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as barred by the doctrine of laches. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 According to the appellant's June 11, 2014 initial appeal, the agency retaliated against him for whistleblowing when, in March 1987, it "[s]topped [his] fast track to GS-12." Initial Appeal File (IAF), Tab 2 at 3. The administrative judge found that the agency had demonstrated that the 27-year filing delay was unreasonable and prejudiced its ability to defend itself because relevant documents had been destroyed and the former supervisor could not be located. IAF, Tab 8, Initial Decision (ID). Accordingly, the administrative judge dismissed the appeal as barred by the doctrine of laches. ID. The appellant has filed a petition for review, the agency has responded in opposition, and the appellant has replied to the agency's opposition. Petition for Review (PFR) File, Tabs 1, 3-4.

¶3 The equitable defense of laches bars an appeal when an unreasonable delay in bringing the appeal has prejudiced the agency. *See Pueschel v. Department of Transportation*, 113 M.S.P.R. 422, ¶ 6 (2010); *Brown v. Department of the Air*

*Force*, [88 M.S.P.R. 22](link), ¶ 9 (2001). The party asserting laches must prove both unreasonable delay and prejudice. *Pueschel*, [113 M.S.P.R. 422](link), ¶ 6.

¶4       On review, the appellant appears to argue that delay was not unreasonable because the agency caused his "complete and total mental disability" and his psychiatrist ordered him not to pursue the case against the agency because he "'might' kill those involved." PFR File, Tab 1 at 6.

¶5       We agree with the administrative judge that a 27-year delay is unreasonable on its face. *See* ID at 3; *see also Brown*, [88 M.S.P.R. 22](link), ¶¶ 3, 9 (absent a satisfactory explanation for the delay in filing, a 6-year delay is unreasonable). Moreover, as explained by the administrative judge, the appellant has not provided any evidence to support his contention that his medical condition precluded him from pursuing his appeal rights earlier or that he exercised due diligence after the period of incompetence ended. *See* ID at 3-4. Absent any evidence of mental incapacity or due diligence, the appellant has provided no satisfactory or credible explanation for the extensive delay. Accordingly, we discern no basis to disturb the administrative judge's finding that the appellant's 27-year delay was unreasonable.

¶6       Next, the appellant appears to argue that the administrative judge erred by relying on agency employee declarations to demonstrate prejudice in defending itself in this appeal. PFR File, Tab 1. The Board has held that the unavailability of witnesses and absence of relevant documents concerning the alleged adverse action substantially prejudice an agency's ability to defend itself. *Johnson v. U.S. Postal Service*, [121 M.S.P.R. 101](link), ¶ 9 (2014); *see Brown*, [88 M.S.P.R. 22](link), ¶¶ 8-9. In the instant case, the administrative judge determined that the agency was prejudiced by the filing delay because, as explained in declarations from three agency employees, all potentially relevant documents had been destroyed pursuant to the agency's document retention policy and the former supervisor could not be located. ID at 3; *see* IAF, Tab 5 at 12-14. Although the appellant asserts that the employee declarations are insufficient, a declaration subscribed as

true under penalty of perjury, if uncontested, proves the facts it asserts. *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 8 (2013). The appellant has not presented any credible evidence contradicting the declarations. *See* IAF, Tabs 2, 7; PFR File, Tabs 1, 4. Accordingly, we discern no basis to disturb the administrative judge's finding that the agency was materially prejudiced by the delay.

¶7     Based on the foregoing, we find that the administrative judge correctly dismissed this appeal as barred by the doctrine of laches.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not

both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.